CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 9 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 7:05CR00024 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| ANDREW J. DANZELL | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant's motion to dismiss the indictment or for a bill of particulars. The defendant contends that the indictment is fatally flawed because it does not include the specific drug trafficking crime that the defendant was allegedly furthering in violation of 18 U.S.C. § 924(c)(1)(A)(iii). For the reasons stated below, the court will deny the defendant's motion to dismiss and take the motion for a bill of particulars under advisement.

The defendant was indicted by a grand jury for the Western District of Virginia on March 3, 2005, for knowingly using and carrying a firearm, and discharging the firearm in furtherance of a drug trafficking crime on March 30 and 31, 2000. The defendant filed a motion to dismiss or for a bill of particulars on September 7, 2005, and the government responded on September 7 by providing the defendant with a copy of the grand jury testimony of Special Agent Thomas Gallagher of the Bureau of Alcohol, Tobacco, and Firearms. The defendant filed a memorandum in support of his motion to dismiss on

September 23, 2005. At a hearing on September 27, 2005, the court took the motion for a bill of particulars under advisement, pending a further motion of the defendant after the defendant has viewed the discovery provided by the government. The parties agreed that the court would decide the motion to dismiss on the briefs.

The defendant contends that the indictment is fatally flawed because the indictment does not identify the drug trafficking crime, or predicate offense, furthered by his discharge of a firearm. According to the defendant, this omission of an essential element of the § 924(c) charge deprives him of protection against double jeopardy. The government argues that the indictment is not required to specify the § 924(c) predicate offense.

An indictment "must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Darby, 37 F.3d 1059, 1063 (4th Cir. 1994) (internal citations omitted). The defendant relies upon United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997), for the proposition that all elements of a § 924(c) predicate offense must be proven beyond a reasonable doubt. In addition, the defendant points out that the United States Court of Appeals for the Fourth Circuit has reversed a § 924(c) conviction where the predicate offense alleged in the indictment was different from the predicate offense proven at trial. See United States v. Randall, 171 F.3d 195 (4th Cir. 1999).

Randall, however, clearly distinguished between a situation in which the government does not specify a predicate offense and a situation in which the government does rely upon

2

a specific predicate offense.[1]  Id. at 208.  The Court found that the government was not

"required to specify a specific § 924(c) predicate offense in the § 924(c) charge in the

indictment."[2]  Id.; see also id. at 205.  The government did specify a § 924(c) predicate

offense in Randall, and "this specification of the § 924(c) predicate offense in the indictment

[was] of considerable consequence."  Id.  The Court cited a similar distinction drawn by the

United States Supreme Court in United States v. Stirone, 361 U.S. 212 (1960).  In that case,

the defendant was indicted for a violation of the Hobbs Act, and the government had

specified the type of commerce burdened by the defendant.  Stirone, 361 U.S. at 213-14.

The Supreme Court concluded that:

> when only one particular kind of commerce is charged to have been burdened a
> conviction must rest on that charge and not another, even though it be assumed
> that under an indictment drawn in general terms a conviction might rest upon a
> showing that commerce of one kind or another had been burdened.

Stirone, 361 U.S. at 218-19.  These cases made a significant distinction between a general

---

[1]The United States Court of Appeals for the Seventh Circuit has made the same
distinction between general and specific predicate offenses in § 924(c) indictments.  In United
States v. Willoughby, the court recognized:

> even if an adequate § 924(c) charge need not indicate by name a particular drug
> trafficking offense, by the way it framed the indictment in this case, the
> government narrowed the legitimate scope of the weapons charge to [the
> defendant's] use of a firearm in connection with the distribution of cocaine, not
> the mere possession with intent to distribute cocaine or 'drug trafficking'
> generally.  A conviction relying upon a link between the gun and the latter
> described conduct would constitute an impermissible broadening of the
> indictment, for its basis was necessarily excluded from the charge as phrased.

27 F.3d 263, 266 (7th Cir. 1994) (quoted in Randall, 171 F.3d at 205).

[2]The defendant argues that this language was merely dicta, in that Randall involved a
variance between the predicate offense specified in the indictment and the predicate offense
proven at trial.  However, this court deems the Fourth Circuit's observations highly instructive,
especially in light of the United States Supreme Court's pronouncement in United States v.
Stirone, 361 U.S. 212 (1960).

3

indictment and a specific indictment that is constructively amended at trial. A general indictment is valid because the government is "not required to specify on which § 924(c) predicate offense it [is] relying." <u>Randall</u>, 171 F.3d at 210. Therefore, the defendant's motion to dismiss the indictment because it does not specify a predicate offense is without merit.

For the reasons stated, the defendant's motion to dismiss the indictment is denied. The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 28th day of September, 2005.

_____
United States District Judge

4