CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 30 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) | Case No. 7:05CR00024 (Case No. 7:09CV80196) |
| v. |  | **MEMORANDUM OPINION** |
| ANDREW J. DANZELL, |  | By: Glen E. Conrad United States District Judge |
| Defendant. |  |  |

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record, the court finds that the motion is untimely and without merit and will accordingly dismiss it.[1]

## Background

Andrew J. Danzell pleaded guilty on March 15, 2006 to Counts One and Two of a multi-count superseding indictment and was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of a mixture or substance containing cocaine and discharging a firearm in furtherance of a drug trafficking crime. (Sent. Tr. 5-7, June 7, 2006.) In exchange for the guilty plea, the government moved for dismissal of the remaining counts, including two additional firearms charges, each of which subjected Danzell to a mandatory minimum 25-year sentence. On June 7, 2006, the court granted a joint motion for downward variance so as to be consistent with the terms of the plea agreement and sentenced Danzell to a total of 180 months imprisonment. Final judgment was entered on June 19, 2006. Danzell did not appeal.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

In October 2009, Danzell filed this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. He signed and dated his motion on October 20, 2009, and the court received it on October 28, 2009. Danzell alleges in the motion the following grounds for relief under § 2255:

1. Counsel was ineffective in advising Danzell to plead guilty to a crime not charged in the indictment;

2. The government violated Danzell's Fifth Amendment right by prosecuting him for an offense not charged in an indictment;[2] and

3. The 180-month sentence in this case is excessive, in violation of the Eighth Amendment.

The court notified Danzell that his § 2255 motion appeared to be untimely filed and gave him an opportunity to provide grounds on which the court could nevertheless consider his claims. In response, Danzell argues that the limitation period under § 2255(f) should be equitably tolled in his case for two reasons:

(a) Counsel promised to file a notice of appeal and failed to do so; and

(b) The defendant himself did not know the law, and counsel advised him that he had five years in which to file a § 2255 motion.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

---

[2] This issue was raised and resolved at sentencing through the joint motion for sentencing variance and a defense waiver of rearraignment. (Sent. Tr. 1-7.) The defendant stated on the record his desire to maintain the plea agreement and its benefit of limiting his sentence exposure to 180 months. (Id. at 7.)

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Under § 2255(f)(1), a defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. See, e.g., Clay v. United States, 537 U.S. 522, 525 (2003). The criminal judgment against Danzell was entered on June 19, 2006, and he did not appeal within ten (10) business days from entry of judgment as then required under Fed. R. App. P. 4(b)(1).[3] Therefore, his conviction became final on July 3, 2006. He then had one year–until July 3, 2007– in which to file a timely § 2255 motion. As he filed his § 2255 motion in October 2009, more than two years after his one-year filing period under § 2255(f)(1) expired, his motion is clearly untimely under § 2255(f)(1).

---

[3] Pursuant to amendments effective December 1, 2009, Rule 4(b)(1) now requires that a notice of appeal be filed within 14 calendar days from entry of judgment.

As stated, Danzell argues equitable tolling. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must also demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Simple negligence in calculating the statutory period or failure to discover the existence of a time limit, whether caused by an attorney's mistake or by a pro se litigant's unfamiliarity with the legal process, is insufficient basis upon which to invoke equitable tolling. Harris, 209 F.3d at 330-331 (citing other cases).

Danzell first argues that the limitation period should be tolled because counsel advised him that he had five years in which to file a § 2255 motion. Even if this accusation proved true, counsel's inaccurate advice about the limitation period is not sufficient grounds on which to invoke equitable tolling. Id. Danzell's own claimed ignorance of the filing period as a pro se litigant is similarly insufficient grounds for tolling. Id.

Danzell's other equitable tolling argument focuses on his assertion that counsel promised to file a notice of appeal and failed to do so. As part of his plea agreement, Danzell waived his right to appeal and his right to pursue a § 2255 motion (Plea Agree. ¶¶ 11 & 12.); therefore, pursuing an appeal would have represented a breach of the plea agreement and would have placed Danzell at risk

of prosecution on the charges dismissed pursuant to the agreement. Hence, a reasonably competent attorney would have advised his client not to risk an appeal, and a reasonable defendant would have agreed to this beneficial course of conduct. Nevertheless, taking Danzell's current allegations as true for purposes of this opinion, he still fails to demonstrate that counsel's alleged omission regarding the notice of appeal warrants equitable tolling of the § 2255 filing period. Danzell does not allege facts indicating when or how he discovered that he had no appeal pending. Moreover, he does not allege facts indicating that during the three years and three months between the entry of the criminal judgment and submission of his § 2255, he made any effort whatsoever to determine, by writing to counsel or to the court, whether the appeal had been filed, was pending, or had been decided. Thus, he has not demonstrated exercise of due diligence in seeking discovery of his claims for relief, as required to warrant the extraordinary remedy of equitable tolling. Accordingly, the court cannot find that tolling is warranted in Danzell's case.[4]

## Conclusion

For these reasons, the court concludes that the § 2255 motion is untimely and must be summarily dismissed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth

---

[4] Danzell also appears to argue that equitable tolling should apply in his case because he is "actually innocent" of the drug charge to which he pleaded guilty. As stated, the discrepancy between the plea agreement and the indictment was resolved to Danzell's benefit during the sentencing hearing. See, supra, Note 2. In any event, the court is satisfied that Danzell's lack of diligence in pursuing his federal habeas claims precludes him from utilizing this avenue of escaping application of the limitation period. See, e.g., Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir. 2005) (recognizing disagreement among the courts of appeals over actual innocence exception to habeas filing period, but noting the majority of circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims).

Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This ___ day of December, 2009.

_____
United States District Judge