CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 18 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:05CR00024 |
| | ) (Case No. 7:09CV80196) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| ANDREW J. DANZELL, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Defendant Andrew J. Danzell moves for relief from judgment entered against him on December 30, 2009, denying his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 as untimely filed. Upon review of the record and the new documentation submitted with Danzell's current motion, the court remains convinced that the case was appropriately dismissed.

Because Danzell filed his current motion within 28 days from entry of the judgment he challenges, the court construes it as seeking to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e), rather than under 60(b) as Danzell asserts.[1] The United States Court of Appeals for the Fourth Circuit recognizes three grounds which may warrant amending an earlier judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (citations omitted).

---

[1] The court also finds no ground on which Danzell is entitled to relief from judgment under Rule 60(b).

"Rule 59(e) motions may not be used . . .to raise arguments which could have been raised prior to the issuance of the judgment." Id.

In his Rule 59(e) motion, Danzell asserts that his § 2255 motion is timely filed under § 2255(f)(4). Under this section, a federal criminal defendant has one year in which to file a § 2255 motion, starting from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." After the court notified Danzell that his § 2255 motion appeared to be untimely under § 2255(f), he responded with a new argument: that counsel had promised to file a notice of appeal, but had never done so. The court dismissed the § 2255 motion as untimely because Danzell presented no evidence that he had diligently sought to discover whether an appeal had been filed. He submitted his § 2255 motion more than three years after the criminal judgment was entered against him, presented no evidence of telephone calls or letters to counsel or the courts asking whether an appeal had been filed, and did not explain how or when he discovered that no appeal was filed.

In support of his Rule 59(e) motion, Danzell presents a letter from his trial attorney, dated October 2, 2008, responding to Danzell's request for a reduction of his sentence under amendments to the federal sentencing guidelines for crack cocaine offenses. (Dkt. No. 120, p. 14.) After advising Danzell that the facts of his case made him ineligible for a reduction under the guideline amendments, counsel states:

> Would you please let me know exactly what you are seeking? We are committed to representing those we are appointed to represent but may only pursue a remedy that is legally supportable. So, please let me know your position so that we may decide how we may represent you.

(Id.) Nothing in counsel's letter indicates that Danzell's own letter to which counsel was responding included any inquiry about a pending appeal. Danzell also presents a copy of a letter from the clerk's office of the United States Court of Appeals for the Fourth Circuit, dated April 3, 2009, advising him that no notice of appeal was ever filed in his case. Danzell did not present copies of these letters in support of his § 2255 motion or in response to the court's notice of untimeliness, and he offers no reason for his failure to do so. In any event, these letters, both dated more than two years after the judgment against him, do not demonstrate that Danzell acted with due diligence to determine the status of the appeal that counsel allegedly promised to file. The letters do not indicate when Danzell's inquiry letters were mailed or received, and Danzell offers no explanation for apparently waiting more than two years to make any inquiry about the appeal. Thus, these letters do not support a finding of due diligence as necessary under § 2255(f)(4), and Danzell fails to present any other newly discovered facts on which his filing period could be calculated under this subsection.[2]

As the court finds no ground on which its December 30, 2009 judgment dismissing the § 2255 motion as untimely should be altered or amended in any way, the court will deny Danzell's Rule 59(e) motion. An appropriate order will enter this day.

ENTER: This 18th day of February, 2010.

_____
United States District Judge

---

[2] In the remainder of his motion, Danzell argues the merits of the untimely filed § 2255 claims without making further argument for timeliness or equitable tolling.