CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2015

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:05CR00024 |
| | ) | (CASE NO. 7:09CV80196 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| ANDREW J. DANZELL, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Andrew J. Danzell, a federal inmate proceeding pro se, filed this "MOTION PURSUANT TO FED. R. CIV. P. 60(B)(6)/(4)," asking this court to revisit the 2009 judgment summarily dismissing his motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255, as untimely filed. See United States v. Danzell, Nos. 7:05CR00024, 7:09CV80196, 2009 WL 5173410 (4th Cir. Dec. 29, 2009). Danzell asserts that in ruling on his equitable tolling argument that he was actually innocent, the court did not have the benefit of McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1931 (2013). Upon consideration of the § 2255 motion and the record, the court concludes that the motion must be denied.

After his jury trial had proceeded for two days, Danzell pleaded guilty to Counts One and Two of a six-count, superseding indictment on March 15, 2006. The written plea agreement described Count One as charging Danzell with conspiracy to distribute and possess with intent to distribute more than 50 grams of a mixture containing cocaine base, with a mandatory minimum sentence of ten years in prison and described Count Two as charging Danzell with discharging a firearm in furtherance of a drug trafficking crime, with a consecutive mandatory minimum of five years in prison. The agreement also stipulated that Danzell would be held accountable for more than 50 grams, but less than 150 grams of cocaine base. In fact, Count One charged

Danzell with conspiracy from 1999 through August 2005 to distribute and possess with intent to distribute more than 50 grams of cocaine, and Count Two carried a mandatory minimum sentence of ten years. At sentencing, after discussion of these discrepancies and how best to address them, Danzell's attorney waived rearraignment. Then, the court granted a joint motion for downward variance to make the total sentence consistent with the terms of the plea agreement. As a result, the court sentenced Danzell to a five-year term on the conspiracy offense, varying downward from the applicable guideline range for cocaine base, and to a consecutive ten-year term on the firearm offense, for a total of 180 months in prison. The plea agreement also provided for dismissal of the remaining four charges, which included two additional firearm offenses, each of which carried a mandatory minimum sentence of twenty-five years in prison. Danzell did not appeal the final judgment entered on June 19, 2006.

In October 2009, Danzell filed his § 2255 motion. He claimed that the government prosecuted him for an offense not charged in the indictment, counsel was ineffective in advising him to plead guilty to that offense, and his sentence was excessive, all in violation of his constitutional rights. The court notified Danzell that his § 2255 motion appeared to be untimely under § 2255(f)(1), which requires that such a motion be filed within one year after the judgment becomes final. As Danzell did not appeal the criminal judgment, his convictions became final when his opportunity to appeal expired on July 3, 2006. See United States v. Clay, 537 U.S. 522, 524-25, 532 (2003); Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), he then had one year– until July 3, 2007–in which to file a timely § 2255 motion. Because he did not file his § 2255 motion until October 2009, the court found that it was untimely filed.

Danzell argued that he was entitled to equitable tolling of the federal filing deadline based on allegations that counsel promised to file a notice of appeal, but did not, and counsel

2

misadvised Danzell that he had five years to file a § 2255 motion. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Because Danzell also offered no facts depicting diligent pursuit of his rights, the court found both of his allegations to be insufficient grounds on which to invoke equitable tolling and summarily dismissed the § 2255 action as untimely. In a footnote, the court stated:

> Danzell also appears to argue that equitable tolling should apply in his case because he is "actually innocent" of the drug charge to which he pleaded guilty. As stated, the discrepancy between the plea agreement and the indictment was resolved to Danzell's benefit during the sentencing hearing. . . . In any event, the court is satisfied that Danzell's lack of diligence in pursuing his federal habeas claims precludes him from utilizing this avenue of escaping application of the limitation period. See, e.g., Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir. 2005) (recognizing disagreement among the courts of appeals over actual innocence exception to habeas filing period, but noting the majority of circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims).

Danzell, 2009 WL 5173410, at *2 n.4.

In his motion for reconsideration, Danzell now asserts that the court should revisit his argument for equitable tolling, based on actual innocence, in light of the McQuiggin decision, and address his underlying claims on the merits.

II.

Because Danzell filed his motion more than 28 days after the judgment he challenges, it arises, if at all, under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states:

3

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Danzell brings his motion under Rule 60(b)(4) and/or 60(b)(6). The court concludes that neither of these provisions offers Danzell the relief he seeks.

Rule 60(b)(4) affords Danzell no relief here. His voidness argument focuses on the underlying criminal judgment—he argues that it is void because it convicts him of offenses not charged in the superseding indictment. Rule 60(b)(4), as a rule applicable in federal civil cases, cannot be utilized to overturn a criminal judgment. See, e.g., United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) (holding that rule 60(b) does not provide for relief from criminal judgment).

Rule 60(b)(6) offers relief from a final civil judgment when justified by a reason not enumerated in the other subsections of the rule. A motion for reconsideration filed in a § 2255 proceeding that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," may be addressed under Rule 60(b)(6). Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Danzell's primary claim here—that the court misinterpreted the actual innocence exception to the § 2255(f) statute of

4

limitations—is appropriately addressed under Rule 60(b). Id. at 533. Because this claim confines itself to a "nonmerits aspect of the first federal habeas proceeding," it does not fall afoul of the bar against successive § 2255 motions in § 2255(b). Id. at 534.

Moreover, the law of actual innocence has changed since the court dismissed Danzell's § 2255 as untimely in 2009. On May 28, 2013, the Supreme Court held that a "convincing showing" of actual innocence, under Schlup v. Delo, 513 U.S. 298 (1995), can support an "equitable exception" to the statute of limitations applicable to habeas claims. McQuiggin, 133 S. Ct. at 1935. Thus, Schlup defines an actual innocence "gateway" to federal habeas review of cases filed outside the one-year statute of limitations. Contrary to the court's footnote in the 2009 opinion, defendant need not prove diligence to overcome the statute of limitations through the Schlup gateway, but the degree of delay does bear on the credibility of the new evidence proffered to show actual innocence. McQuiggin, 133 S. Ct. at 1935.

Danzell asserts that in the fall of 2014, he received "new evidence" not available to him at any previous time: a sentencing update sheet from the Federal Bureau of Prisons. The sheet shows that Danzell is serving time for a conviction of conspiracy involving cocaine that occurred on August 25, 2005,[1] and a conviction of discharging a firearm in furtherance of a drug trafficking offense in March 2000, although he was not convicted of a drug crime that occurred during that time. Danzell argues that this update is evidence that he is serving time for crimes not charged in the counts to which he pleaded guilty. He asserts that the government has never proffered any evidence that he participated in a cocaine trafficking conspiracy on August 25, 2005. He further contends that a firearm discharge offense in March 2000 could not have been in furtherance of the August 25, 2005 conspiracy for which he was convicted according to the

---

[1] The court notes that the criminal judgment itself lists the end date for the conspiracy offense as August 2005.

5

sentencing update. Consequently, Danzell argues that he has proven his actual innocence for purposes of excusing the untimely filing of his § 2255 claims. His arguments have no merit.

The sentencing update on which Danzell relies does not qualify as "new evidence" for purposes of an actual innocence claim under Schlup. Such a claim "requires [a movant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Most importantly, "[a movant] must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. The September 2014 sentencing update would have no impact on a jury considering the government's substantial evidence that Danzell participated in a drug trafficking conspiracy and discharged a firearm in furtherance of a drug trafficking offense.

Furthermore, the movant must establish factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623 (1998). Danzell has not established factual innocence of the cocaine base conspiracy crime and firearm discharge offenses to which he pleaded guilty under his plea agreement and on which he waived rearraignment before sentencing. In addition, to qualify for an actual innocence exception, the movant must also demonstrate that he is actually innocent of any other "more serious charges" that the government dropped in the course of plea bargaining. Id. at 624. Danzell offers no evidence that he is actually innocent of the two other firearms charges, which were dismissed under the plea agreement. Finally, the Schlup gateway is limited to "certain exceptional cases involving a compelling claim of actual innocence." House v. Bell, 547 U.S. 518, 521 (2006). Danzell's claim of innocence, based on typographical errors and feigned ignorance of the advantages he gained through the plea agreement and sentencing negotiations in this case, is not

6

compelling and does not warrant an actual innocence gateway to consideration of his time barred § 2255 claims. For these reasons, the court finds no merit to Danzell's renewed actual innocence claim under McQuiggin, and will, therefore, deny his motion under Rule 60(b)(6).

Liberally construed, in addition to the McQuiggin argument, Danzell's motion asserts or renews arguments on these substantive claims for relief under § 2255: his guilty plea was unknowing, based on ineffective assistance concerning the details of his case; the government failed to disclose truthful information; the criminal judgment is void because it convicted Danzell of a crime not charged in the indictment; the original indictment was defective because the Assistant United States Attorney who signed it was not authorized to do so on March 3, 2005; the cocaine base offense of August 25, 2005, fell outside the "limitation period of the original indictment"; the government did not meet its burden to prove to a jury a specific drug quantity of more than 50 grams of cocaine powder; and the plea agreement was unknowing, because counsel falsely told Danzell that if he refused to initial page four of the plea agreement, waiving his right to challenge deportation, then deportation would not occur. Danzell contends that if he had known signing the plea agreement would subject him to deportation proceedings, he would have rejected the agreement and continued with the trial. He also asserts a likelihood of success at trial, because the government had no cocaine evidence by which to prove Count One of the superseding indictment.

Because the court has reaffirmed its finding that Danzell's initial § 2255 motion was untimely filed, the substantive claims also asserted in his post-judgment motion must be construed and dismissed as successive habeas claims under § 2255(b). See Gonzales, 545 U.S. at 632 (holding that a "motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits," and
7

accordingly, such motions should be summarily dismissed as successive habeas petitions). Danzell does not present the required certification from the court of appeals to pursue a successive § 2255 motion. Therefore, the court will dismiss all of his substantive § 2255 claims in this motion without prejudice, leaving him free to refile these claims if he obtains the necessary certification. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to defendant and to counsel of record for the government.

ENTER: This 25th day of November, 2015.

_____
Chief United States District Judge