CLERK'S OFFICE U.S. DIST. COURT
ROANOKE, VA
FILED
APR 13 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 7:05CR00024 |
| v. | **MEMORANDUM OPINION** |
| ANDREW J. DANZELL, | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Andrew Danzell, a federal prisoner proceeding pro se, filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651 with jurisdiction vested in 28 U.S.C. § 1361. For the reasons stated, the petition will be denied.

### Background

On March 15, 2006, Danzell pleaded guilty to Counts One and Two of a six-count superseding indictment. On June 19, 2006, judgment was entered against him. Danzell did not appeal. More than three years later, on October 28, 2009, Danzell filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the court dismissed as untimely. The court declined to issue a certificate of appealability. Danzell filed a motion for reconsideration, which the court denied. Danzell then appealed to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal.

On November 25, 2015, Danzell again filed a motion for reconsideration of the court's dismissal of Danzell's § 2255 motion. He asserted that the court did not appropriately consider his actual innocence claims in determining whether his § 2255 motion was subject to equitable tolling. The court construed this post-judgment motion as a successive habeas claim, noted that Danzell did not have the requisite certification, and dismissed all of his substantive § 2255

claims without prejudice, leaving him free to refile his claims upon receipt of the appropriate certification. On October, 3, 2016, Danzell filed the instant motion, seeking a writ of mandamus compelling the unsealing of certain docket items, the production of certain documents, and the purging of a portion of the record. Danzell asserts that he needs these documents in order to obtain the appropriate certification to pursue a successive habeas claim.

## Discussion

Mandamus is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Accordingly, mandamus relief is available only when a petitioner has a clear, indisputable right to the relief sought and has no other adequate means to attain the desired relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988). A petitioner must also establish that a responding party has a clear duty to do the specific act requested; the act requested is an official act or duty; and the issuance of the writ will further justice. United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999).

Here, petitioner fails to establish that he has a clear, indisputable right to the requested relief. He has also failed to demonstrate any likelihood of success in obtaining the necessary certification in the event that the court were to grant Danzell's request. Instead, Danzell continues to assert that he is entitled to relief because of a discrepancy between the superseding indictment and the plea agreement—an argument addressed and resolved in his favor at sentencing and dismissed without prejudice by this court. He makes no argument of the existence of new evidence or a new constitutional rule. See 28 U.S.C. § 2255(h) (noting that a successive motion must be certified to contain newly discovered evidence or a new rule of constitutional

2

law). Accordingly, the court does not believe that the issuance of the writ will further justice. See Oncology Assocs., P.C., 201 F.3d at 286. Furthermore, Danzell has been advised as to the cost of producing the desired transcript should he wish to have such produced and that certain documents cannot be unsealed due to personal identifiers contained therein. Simply put, Danzell has failed to demonstrate a clear, undisputed right to mandamus relief.

## Conclusion

For the reason's stated, Danzell's petition for a writ of mandamus will be denied. The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the defendant.

DATED: This 12th day of April, 2017.

_____
Chief United States District Judge