CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )           Criminal Action No. 7:05CR00024-001
)
v. )                   **MEMORANDUM OPINION**
)
ANDREW J. DANZELL, )           By: Hon. Glen E. Conrad
)                   Senior United States District Judge
Defendant. )

This case is presently before the court on the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), Amendment 782 to the United States Sentencing Guidelines, and any other amendment that may be applicable to the defendant's sentence. For the following reasons, the motion must be denied.

On March 15, 2006, the defendant pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count One"), and one count of discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) ("Count Two"). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that the defendant should receive a term of imprisonment of 180 months. The government explained that the sentence was based upon the statutory minimum sentences of 10 years of imprisonment for Count One and 5 years of imprisonment for Count Two. During the preparation of the presentence report, the parties were advised that the charging indictment referred to cocaine, not cocaine base, and consequently, Count One did not carry a mandatory minimum sentence. The parties also determined that the correct mandatory minimum sentence for Count Two was 10 years of imprisonment.

On June 7, 2006, the defendant appeared before the court for a sentencing hearing, during which the defendant waived re-arraignment and the parties indicated that they desired to abide by the terms of the written plea agreement. Under the advisory sentencing guidelines, the defendant had a total offense level of 30 and a criminal history category of I, resulting in a guideline range of imprisonment of 97 to 121 months for Count One. Count Two carried a consecutive and mandatory minimum sentence of 120 months of imprisonment. To implement the terms of the parties' plea agreement, the court granted a downward variance and sentenced the defendant to 60 months of imprisonment for Count One to be served consecutively to 120 months of imprisonment for Count Two, resulting in a total term of imprisonment of 180 months, consistent with the parties' plea agreement.

On February 11, 2008, the court notified the defendant that he may be eligible for a sentencing reduction under an amendment to the sentencing guidelines, but that the court would not consider such a reduction in this case because the sentence was one to which the parties agreed pursuant to Rule 11(c)(1)(C). The government opposed any reduction in the defendant's sentence based on Amendment 706, as modified by Amendment 711. The defendant did not file a response, and the court ruled that the defendant was not entitled to a reduction in his sentence with regard to either count to which he pled guilty.

The defendant now moves for a reduction in his sentence pursuant to Amendment 782, under which the Sentencing Commission exercised its statutory authority to amend the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses. The Sentencing Commission has further made Amendment 782 retroactively applicable to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated.

2

In this case, the court finds that the defendant is not eligible for any further reduction in his sentence at this time. As the court has previously found, the defendant's sentence was based on the parties' agreement, not on a calculation under the sentencing guidelines. Accordingly, the court denies the defendant's motion to reduce his sentence, and all of the terms of the original sentence will remain the same. See Freeman v. United States, 564 U.S. 522, 538-39 (2011) (Sotomayor, J., concurring) (recognizing that a sentence imposed under a Rule 11(c)(1)(C) agreement may not be reduced pursuant to § 3582(c)(2) unless the agreement is "'based on'" the applicable guidelines range).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 27th day of February, 2018.

_____
Senior United States District Judge