CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 24 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:05CR00024 |
| | ) | (CASE NO. 7:19CV81352) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ANDREW J. DANZELL, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant Andrew J. Danzell, a federal inmate, has filed a pro se submission that the court has construed and conditionally docketed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. See Danzell v. United States, No. 7:19cv00030 (W.D. Va. Feb. 14, 2019). After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

Danzell stands convicted of conspiracy to distribute cocaine base and discharging a firearm in furtherance of a drug trafficking crime. The court granted a downward variance to sentence Danzell to a total of 180 months in prison on June 7, 2006. Danzell did not appeal. In 2009, he filed his first motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which the court denied. See United States v. Danzell, No. 7:05CR00024, 2015 WL 7588278 (W.D. Va. Nov. 25, 2015).

Danzell filed his current motion as a petition for a writ of mandamus, or in the alternative, as a petition for a writ of coram nobis, Case No. 7:19CV00030. The court found no legal basis for granting these petitions and dismissed them. The court then construed Danzell's submission as a § 2255 motion and directed him to show cause within 21 days why the motion

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where it is clear from the motion, the attachments, and the record of prior proceedings that the defendant is not entitled to relief.

should not be summarily dismissed as successive under § 2255(h) or as untimely filed under § 2255(f). Danzell sought and was granted an extension of time. The time granted for his response has now expired, and he has had no further communication with the court.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Danzell has not provided evidence of such certification. Accordingly, the court must dismiss his current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and counsel of record for the government.

ENTER: This 24th day of May, 2019.

_____
Senior United States District Judge